Carolyn Sun
[redacted]

redacted

Feb 20,2026

Clerk of Court
United States Court of Appeals
for the Second Circuit
40 Foley Square
New York, NY 10007

Court of Appeals
For The Second Circuit
RECEIVED
FEB 24 2026
BY: --------

Re: Petition for Writ of Mandamus
In Re: Carolyn Sun, Pro Se Petitioner
Related to: United States v. Ho Wan Kwok, et al., No. 23-cr-00118 (AT) (S.D.N.Y.)

Dear Clerk of the Court:

Enclosed please find a Petition for Writ of Mandamus filed by pro se Petitioner Carolyn Sun, pursuant to 28 U.S.C. § 1651, 18 U.S.C. § 3771(d)(3), and Federal Rule of Appellate Procedure 21.

This Petition seeks an order directing the United States District Court for the Southern District of New York to docket Petitioner's properly submitted motions and to permit judicial review, including review of the Curcio-type conflict-of-interest issues raised therein.

Enclosed please find:

1. Original Petition for Writ of Mandamus
2. Three copies of the Petition for Writ of Mandamus
3. One redacted copy of the cover letter for public filing
4. Appendix A — January 28, 2026 CVRA Motion
5. Appendix B — Proof of Delivery (Email and UPS Confirmation)
6. Appendix C — Email Correspondence with Pro Se Intake
7. Appendix D — September and October 2025 motions
8. Appendix E – Proof of Delivery (Email and UPS Confirmation)

9. Appendix F - Returned Prior Mandamus Submission
10. Filing fee of $600.00 (check enclosed)
11. Certificate of Service

Please contact me if any additional information is required.

Respectfully submitted,

[redacted]

Carolyn Sun
Petitioner, Pro Se

redacted.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

**In re Carolyn Sun,**

Petitioner, Pro Se

RECEIVED
2026 FEB 24 PM 1:41
CLERK'S OFFICE
U.S. COURT OF APPEALS

Related to:

United States v. Ho Wan Kwok, et al.

No. 23-cr-00118 (AT) (S.D.N.Y.)

## PETITION FOR WRIT OF MANDAMUS

Pursuant to 28 U.S.C. § 1651, 18 U.S.C. § 3771(d)(3), and Fed. R. App. P. 21

## I. INTRODUCTION

Petitioner, Carolyn Sun, respectfully petitions this Court for a writ of mandamus directing the United States District Court for the Southern District of New York to perform its non-discretionary duty to docket properly submitted motions and to permit judicial review.

Specifically, Petitioner seeks an order directing the district court to:

1. Docket Petitioner's January 28, 2026 CVRA motion and Petitioner's previously submitted pro se motions that were not docketed; and

2. Thereafter review and address the Curcio-type conflict-of-interest issues raised therein.

## II. JURISDICTION

This Court has jurisdiction under:

• 28 U.S.C. § 1651(a) (All Writs Act);

• 18 U.S.C. § 3771(d)(3).

Mandamus is appropriate to compel compliance with mandatory judicial duties and to preserve this Court's appellate jurisdiction.

Mandamus is also appropriate where a district court fails to perform a ministerial duty necessary to permit appellate review. See *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 661–62 (1978).

## III. STATEMENT OF FACTS

### A. January 28, 2026 CVRA Motion Was Properly Submitted but Has Not Been Docketed

On January 28, 2026, Petitioner submitted a pro se CVRA motion to the Southern District of New York Pro Se Intake Office via email (Appendix A).

To ensure proper receipt, Petitioner also mailed a paper copy of the motion on February 4, 2026, via UPS. The motion was delivered to the Court on February 6, 2026, as confirmed by UPS delivery tracking (Appendix B).

Despite both electronic and physical submission, the motion has not been docketed.

On February 11, 2026, Petitioner emailed the Pro Se Intake Office requesting confirmation of receipt and docketing status (Appendix C).

No response was received.

No docket entry exists, no judicial action has occurred, and no appealable order has been issued.

Accordingly, the nondocketing of the motion is not attributable to any failure of submission or delivery, but reflects the absence of docketing despite proper receipt by the Court.

**B. Procedural History Demonstrating Absence of Reviewable Orders and Necessity of Mandamus**

Petitioner filed a petition under 21 U.S.C. § 853(n) in September 2025, which was accepted and docketed as ECF 735.

Following that filing, Petitioner submitted two additional pro se motions in September and October 2025 (Appendix D), raising procedural concerns, including one submitted in direct response to accusations contained in a filing entered on the docket as ECF No. 739. Although the underlying filing was docketed, Petitioner's responsive submission, along with her other pro se motions, was not docketed and did not receive any judicial disposition. These submissions remain undocketed to this day despite being properly submitted (Appendix E) and have not resulted in any reviewable order.

In November 2025, Petitioner attempted to seek mandamus relief in this Court regarding the nondocketing of those submissions. That submission was returned and not accepted for filing, with the explanation that Petitioner had not filed a CVRA motion in the district court (Appendix F).

Petitioner understood this response to indicate that filing a CVRA motion in the district court was a prerequisite for mandamus relief under 18 U.S.C. § 3771(d)(3).

In direct response to that instruction, Petitioner submitted a CVRA motion to the Southern District of New York on January 28, 2026, raising procedural concerns, including the need for a Curcio-type conflict-of-interest inquiry and the ongoing nondocketing of her prior submissions.

Despite proper submission and confirmed delivery, that CVRA motion likewise has not been docketed and has not received any judicial disposition.

Because the district court has not docketed Petitioner's CVRA motion, no ruling has been issued, and Petitioner remains unable to obtain judicial review through ordinary channels.

Petitioner has therefore complied with the prerequisite identified by this Court and now seeks mandamus relief to compel docketing and permit judicial consideration of the issues presented.

## IV. ARGUMENT

### A. Mandamus Is Necessary Because Nondocketing Eliminates Judicial Review

Federal Rule of Criminal Procedure 49(d) provides:

"The clerk must not refuse to file a paper."

This duty is mandatory.

Rule 49(d) imposes a ministerial, non-discretionary duty. The clerk may not decline to file a submission based on its perceived merit, standing, or procedural posture; those determinations are reserved to the Court after filing.

This ministerial duty applies regardless of the identity of the filer, including pro se litigants.

Failure to docket eliminates judicial review and appellate jurisdiction.

**B. Docketing Is Necessary to Permit the District Court to Address Curcio Conflict-of-Interest Issues**

Petitioner's January 28, 2026 CVRA motion raised substantial concerns regarding potential conflicts of interest arising from overlapping legal representation involving third-party petitioners and a criminal defendant (Section VII of Appendix A).

Under controlling Second Circuit precedent, when a district court becomes aware of facts suggesting a potential conflict of interest affecting the fairness or integrity of judicial proceedings, the court has an affirmative and independent duty to conduct an inquiry to determine the nature and scope of the conflict.

The district court cannot meaningfully exercise its Curcio duty unless the submission raising the conflict is docketed and presented for judicial review.

In *United States v. Curcio*, 680 F.2d 881, 888–90 (2d Cir. 1982), this Court held that when a potential conflict is identified, the district court must conduct an on-the-record inquiry sufficient to:

• investigate the nature of the conflict;

• determine whether the conflict is actual or potential; and

• ensure that affected participants understand the implications.

In *United States v. Levy*, 25 F.3d 146, 153 (2d Cir. 1994), the Court reaffirmed that:

"When a district court is apprised of a possible conflict of interest, it has an independent duty to investigate and ensure that the conflict does not undermine the fairness of the proceedings."

The Supreme Court likewise confirmed in *Wheat v. United States*, 486 U.S. 153, 160 (1988), that federal courts possess an independent institutional obligation to preserve the integrity of proceedings.

Because Petitioner's motion has not been docketed, the district court has not been able to review it or determine whether a Curcio inquiry is necessary.

Docketing is therefore required to permit the district court to perform its Curcio obligations.

**C. Second Circuit Precedent Confirms Mandamus Is the Proper Vehicle**

The Second Circuit has accepted mandamus petitions raising procedural and docketing concerns in matters including Nos. 25-2726, 25-3046, 26-77, 26-361, and 26-364.

In *In re Ranyue Bai* (25-2726), this Court held that mandamus relief may be renewed where submissions are not docketed within a reasonable time.

Petitioner's motion has not been docketed within a reasonable time.

Mandamus relief is therefore required.

**D. Cheney Requirements Are Satisfied**

Under *Cheney v. U.S. District Court*, 542 U.S. 367 (2004):

**1. No Other Adequate Means**

No docket entry exists, and no appeal is possible.

Because the CVRA motion has not been docketed, Petitioner cannot obtain judicial review through ordinary channels.

**2. Clear and Indisputable Right**

Rule 49(d) mandates filing.

Petitioner's right to have her properly submitted motions docketed is clear and indisputable.

**3. Mandamus Is Appropriate**

Mandamus is necessary to preserve appellate jurisdiction and to permit judicial review.

## V. REDACTION REQUEST

Petitioner respectfully requests permission to redact personal identifying information pursuant to Rule 49.1.

## VI. RELIEF REQUESTED

Petitioner respectfully requests that this Court issue a writ of mandamus directing the district court to:

1. Docket Petitioner's January 28, 2026 CVRA motion and Petitioner's previously submitted pro se motions that were not docketed; and
2. Thereafter review and address the Curcio-type conflict-of-interest issues raised in Petitioner's January 28, 2026 motion;

and grant such further relief as appropriate.

Respectfully submitted,

Carolyn Sun

Petitioner, Pro Se

Feb 20, 2026

**Appendix A**

January 28, 2026 CVRA Motion

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

United States of America,
Plaintiff,

v.
Ho Wan Kwok a/k/a Miles Guo, et al.,
Defendants.

Case No. 23-cr-00118 (AT)

**MOTION TO ENFORCE RIGHTS UNDER THE CRIME VICTIMS' RIGHTS ACT (CVRA)**
**18 U.S.C. § 3771(a) & (d)**
**FOR NOTICE, DOCKETING, AND JUDICIAL REVIEW OF FORFEITURE-RELATED PROCEDURAL IRREGULARITIES**

### I. Jurisdiction and Statutory Basis

This motion is brought under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771(a) and § 3771(d)(1)–(3), to enforce procedural rights subject to direct appellate review by the Second Circuit under § 3771(d)(3).

To the extent prior, nondocketed submissions referenced the CVRA in the alternative, those references were made solely to preserve procedural access where 21 U.S.C. § 853(n) did not apply and did not constitute an assertion of crime-victim status or a request for substantive relief. Because those submissions were not docketed or ruled upon, this motion is Petitioner's first opportunity to clarify her procedural posture on the public record.

### II. Express Limitation of Scope

Petitioner invokes the CVRA solely for procedural protections, including notice, the right to be reasonably heard, freedom from unreasonable delay, and transparency. Petitioner does not seek restitution, participation in sentencing, forfeiture priority, or any determination of ownership or loss. All property-based claims, if any, are asserted separately and exclusively under 21 U.S.C. § 853(n). Nothing herein concedes that any funds were stolen or constitute criminal proceeds.

Consistent with the reservation stated in ECF No. 735, the CVRA is invoked only where § 853(n) does not provide a procedural vehicle for raising non-ownership, record-integrity, or

process-based concerns. Any prior reference to the CVRA was procedural in nature only and did not reflect an assertion or concession of crime-victim status.

For purposes of this motion only, Petitioner seeks enforcement of CVRA procedural guarantees without prejudice to any later determination regarding statutory victim classification.

**III. Procedural Irregularities Necessitating CVRA Enforcement**

CVRA relief is warranted due to systemic procedural failures, including:

- nondocketing or administrative suppression of pro se filings asserting statutory rights;
- diversion of judicial motions into administrative remission channels, eliminating open-court review; and
- absence of a judicial forum to raise concerns regarding conflicted representation, organized or proxy claims, and trustee–government coordination affecting forfeiture.

These failures impair the right "to be reasonably heard" under § 3771(a)(4).

**IV. January 20, 2026 Status Conference**

On January 20, 2026, the Court explained the distinct paths of (i) remission (administrative) and (ii) § 853(n) (judicial), emphasized that they are not interchangeable, and noted that submissions not invoking § 853(n) had been treated as remission and not docketed.

The Court did not rule on CVRA rights or hold that administrative routing displaces statutory procedural protections.

The practical effect, however, has been the channeling away of statutory and procedural motions—particularly from pro se participants—into non-adversarial administrative processes lacking docketing, findings, and appellate review. CVRA enforcement is therefore necessary to prevent nullification by routing.

**V. Record-Integrity Concerns Raised by ECF Nos. 733 and 733-1**

Petitioner references ECF Nos. 733 and 733-1 solely for procedural purposes. Those filings allege, inter alia, potential Brady-type disclosure issues, fraud-upon-the-court–type misconduct involving the prosecutor and the trustee, reliance on unverified or conflicted claimant lists, and record inconsistencies affecting bail, forfeiture, and asset control.

Petitioner does not adopt, prove, or seek adjudication of those allegations. Rather, Petitioner submits that final forfeiture should not be entered without judicial determination

of whether such allegations are true or unfounded, because, if substantiated, the alleged defects would undermine the integrity and legality of the forfeiture process itself. Accordingly, Petitioner requests verification and judicial assurance that the forfeiture record and process are complete, accurate, and untainted, consistent with the CVRA's guarantees of fairness, transparency, and orderly procedure.

In addition, proceeding to final forfeiture on a record that may be incomplete, conflicted, or unverified risks prejudicing the Defendants' due-process and disclosure rights, including their ability to challenge the provenance, independence, and characterization of purported claims and claimants. Judicial verification at this stage serves not only to protect third-party procedural rights, but also to ensure that the forfeiture determination does not rest on a record that could later be shown to have omitted material information relevant to the Defendants' rights under Brady and related doctrines.

**VI. Role of the Himalaya Alliance and Farm Leaders in Organized Claim Activity**

Public filings (including ECF Nos. 729 and 734, among others) describe a coordinated, top-down structure through which the Himalaya Alliance and Farm Leaders—identified in the indictment and related court filings (ECF Nos. 388, 382, 395) as alleged co-conspirators—exerted influence over claim formation, claimant behavior, and participation in these proceedings. Taken together, these allegations reflect an organized pattern of intervention bearing on the independence and transparency of third-party claims.

As reflected in the record, many ordinary investors and supporters did not interact directly with the Defendants, but instead relied on the Himalaya Alliance and Farm Leaders as their primary—and often exclusive—source of information regarding investments, legal developments, and participation in proceedings. This intermediary role was particularly significant for supporters who do not speak English or lack familiarity with U.S. legal processes.

Following Defendant Miles Guo's arrest, reliance on Alliance- and Farm-led communications intensified, with supporters depending on these channels for updates, interpretation of court events, and direction on claim submission and engagement of counsel. Through sustained, grassroots-level interaction, the Alliance and Farm Leaders were positioned to shape perceptions, coordinate messaging, and organize collective action across a geographically dispersed supporter base.

Accordingly, the intermediary role of the Himalaya Alliance and Farm Leaders is procedurally relevant to understanding how large-scale, coordinated claim activity emerged. Such information bears on whether representations made to the Court regarding victims, claimants, and asset attribution reflect independent conduct or coordinated

activity by co-conspirators, a distinction that may materially affect both forfeiture integrity and the Defendants' ability to contest forfeiture scope, claimant characterization, or related determinations.

Examples include:

1. Coordinated Claim Framing and Procedural Shifts

As described in ECF No. 729, supporters were initially recruited under the premise of a prospective civil action to recover frozen exchange funds. That effort later shifted to filings invoking CVRA victim language and subsequently to § 853(n) submissions in the criminal forfeiture proceeding—often without individualized tracing or independent factual development. Attorney Geyer's representation is one example of how this organized structure translated recruitment into court submissions, illustrating the procedural confusion created by centrally managed posture changes.

2. Centralized Global Mobilization

The record reflects that thousands of geographically dispersed supporters were mobilized through centralized channels associated with the Himalaya Alliance, the Farm Leaders, and Himalaya Exchange. Absent such organization and intermediary trust, the scale and timing of mass claim submissions— including filings associated with multiple counsel and coordinated submissions within compressed timeframes and potentially some victim statements—would be difficult to explain.

Some leaders publicly claimed communications with the Defendant, including alleged calls or visits. Petitioner does not assert the truth of these claims and notes that it is equally plausible the Defendant's name was invoked by third parties, without actual contact, to lend authority or urgency to organized claim activity.

In either case, unresolved assertions of Defendant-directed encouragement present procedural risk: if true, they raise questions regarding the independence and voluntariness of § 853(n) submissions; if untrue, they risk distorting the forfeiture record through misattribution and manufactured authority. Where such representations have been relied upon, limited verification of whether such communications occurred may be warranted to preserve the integrity of the forfeiture process.

3. Steering and Suppression of Independent Participation

Supporters were allegedly discouraged from attending court proceedings except through Alliance-organized activities, discouraged from filing pro se submissions, and steered toward specific counsel (including Attorney Geyer and others, such as Attorney Gavenman). Given the trust placed in Alliance and Farm Leaders as primary information

sources, such steering carried particular weight and materially impaired independent participation and unmediated access to the Court. Community members who pursued independent filings were reportedly disparaged and attacked, further deterring individualized engagement. Such coordinated suppression of independent participation may be relevant to the completeness and accuracy of information presented in the criminal proceeding.

4. Ancillary Promotions Using the Defendant's Name

The same leadership figures allegedly used the Defendant's name to promote an ancillary meme-coin project (TDCCP), resulting in financial losses to supporters. These facts are referenced not to adjudicate liability, but to underscore the broader context of trust, influence, and dependence that characterized the relationship between supporters and Alliance/Farm leadership, and that may bear on the reliability and provenance of organized claim activity.

These matters are raised solely for procedural purposes in support of CVRA enforcement—specifically, to ensure proper docketing, notice, and a forum in which the Court can assess claims individually and transparently, rather than through administratively aggregated or leader-directed submissions—and to permit judicial awareness of information potentially relevant to record integrity, disclosure obligations, and the fair administration of the forfeiture process.

**VII. Failure to Conduct Conflict Review (Curcio-Type Inquiry)**

Public filings reflect overlapping and sequential representations by Attorney Jeffrey Gavenman that raise non-frivolous conflict-of-interest concerns requiring judicial scrutiny. As reflected in filings such as ECF Nos. 672, 673, and 674, Attorney Gavenman has appeared on behalf of more than one hundred third-party petitioners under 21 U.S.C. § 853(n), including Hamilton Opportunity Fund SPC, Hamilton Investment Management, Ltd., Himalaya Exchange–related entities, and affiliated clearing and reserve entities, all of which assert ownership interests adverse to the Government's forfeiture position and implicate alleged co-conspirator entities.

Subsequent filings indicate that Attorney Gavenman later sought to represent Defendant William Je, a named but unarraigned defendant in this matter. This sequence creates an apparent overlap between (i) representation of third-party petitioners asserting property interests in assets the Government attributes to the charged conspiracy and (ii) representation of a criminal defendant whose interests may be adverse to, or strategically intertwined with, those same third-party claims.

Petitioner does not assert or litigate Defendants' Sixth Amendment rights. However, under *Wheat v. United States*, 486 U.S. 153 (1988), the Court retains an independent, institutional obligation to inquire into and address potential conflicts of interest where overlapping representation may undermine the integrity of the proceedings, even absent a formal objection by a defendant. This duty applies with particular force where forfeiture, asset attribution, and the characterization of entities as victims, owners, or co-conspirators are central to the case.

The absence of any on-the-record Curcio-type inquiry addressing Attorney Gavenman's overlapping representations creates procedural risk not only to the integrity of the forfeiture process and the orderly adjudication of third-party rights, but also to Petitioner specifically, insofar as unresolved conflicts may result in the aggregation, mischaracterization, or diminished credibility of independent pro se filings, or in the Court's reliance on tainted or conflicted submissions when assessing claimant reliability, scope, or posture. An on-the-record inquiry would permit the Court to determine whether adequate disclosures were made, whether informed waivers were obtained where required, and whether continued representation poses a risk of taint, divided loyalties, or compromised advocacy affecting forfeiture, asset control, or related proceedings.

**VIII. Public Allegations of Defendant-Directed Claim Coordination**

Petitioner notes a January 23, 2026 public GETTR post by Forrest Zhou—who publicly identifies as the current leader of NFSC and was present at Defendant Yvette Wang's related sentencing making "victim" statement —asserting that he received a call from Defendant Miles Guo encouraging supporters to file petitions under 21 U.S.C. § 853. If such a communication occurred, it raises serious procedural concerns regarding the independence and voluntariness of subsequent § 853(n) submissions, including the risk that claimant filings may be coordinated, influenced, or strategically motivated in a manner that undermines individualized adjudication and contaminates the forfeiture record. If, on the other hand, the asserted communication did not occur, the public representation itself poses a different but equally significant risk: it may falsely confer perceived authority or endorsement, induce filings based on misinformation, and distort the Court's assessment of claimant credibility, provenance, and motive. In either scenario, unresolved claims of defendant-directed encouragement threaten to pollute future § 853(n) submissions and to prejudice unrelated petitioners by associating independent filings with organized or defendant-linked activity. Petitioner raises this issue solely to provide timely notice so that the Court may take appropriate prophylactic measures to preserve the integrity of the forfeiture process and to ensure that Petitioner's own submissions are not

mischaracterized, aggregated, or tainted by allegations of coordination or influence beyond Petitioner's control.

**IX. Relief Requested**

For the foregoing reasons, and pursuant to 18 U.S.C. § 3771(a) and (d), Petitioner respectfully requests that the Court grant the following procedural relief:

1. **Docketing and Judicial Consideration**
   Direct that this Motion and Petitioner's prior submissions invoking statutory procedural rights not be diverted to administrative remission channels, but instead be docketed and considered by the Court, so that Petitioner may be afforded the CVRA right "to be reasonably heard" in a judicial forum.

2. **Clarification of Procedural Posture**
   Clarify that invocation of the CVRA for limited procedural purposes—particularly where § 853(n) does not apply—does not require concession of victim status, does not mandate administrative routing, and does not displace statutory rights to notice, transparency, and timely judicial review.

3. **Preservation of Judicial Review**
   Confirm that procedural motions raising record-integrity, docketing, conflict, or process-based concerns will not be nullified through administrative routing, and that such motions remain subject to judicial findings and appellate review, as contemplated by § 3771(d)(3).

4. **Record-Integrity Assurance Prior to Final Forfeiture**
   Provide judicial assurance that forfeiture will not proceed to final disposition without the Court first determining whether the forfeiture record and process are complete, accurate, and untainted, including consideration of the procedural concerns identified in connection with ECF Nos. 733 and 733-1, to the extent relevant to record integrity and disclosure obligations.

5. **Disclosure or Verification as Warranted**
   To the extent representations regarding claimant coordination, authority, or defendant communications have been relied upon or may be relied upon in the forfeiture process, direct such limited disclosure or verification as the Court deems appropriate to ensure the reliability and independence of submissions considered in connection with forfeiture.

6. **Conflict Review (Curcio-Type Inquiry)**
   Conduct, or direct an appropriate on-the-record inquiry, consistent with *Wheat v.*

*United States*, 486 U.S. 153 (1988), to determine whether overlapping representations identified in the record present conflicts requiring disclosure, waiver, limitation, or other prophylactic measures necessary to protect the integrity of the forfeiture process and the fair adjudication of third-party rights.

7. **Protection of Independent Filings**
   Ensure that Petitioner's submissions are not aggregated, mischaracterized, discounted, or prejudiced by association with organized, proxy, or defendant-linked claim activity alleged in the record, and that Petitioner's filings are assessed independently based on their own procedural posture and content.

8. **Such Other Procedural Relief as May Be Appropriate**
   Grant such other and further procedural relief as the Court deems necessary to enforce the CVRA's guarantees of fairness, transparency, and meaningful participation, without adjudicating ownership, victim status, restitution, or sentencing issues.

**X. Preservation for Appellate Review**

Filed to preserve rights under **§ 3771(d)** and ensure review of any denial, delay, or refusal to act.

Respectfully submitted,



**Carolyn Sun**
Movant Pro Se
Jan 28, 2026

[redacted]

**Appendix B**

Proof of Submission of January 28 Motion

- Email Receipt Confirmation from Pro Se Intake
- UPS tracking

[redacted]

**Hello, your package has been delivered.**
**Delivery Date:** Friday, 02/06/2026
**Delivery Time:** 10:34 AM

**THE UPS STORE**

| | |
|---|---|
| **Tracking Number:** | [redacted] |
| **Ship To:** | PRO SE INTAKE UNIT<br>500 PEARL STREET<br>ROOM 205<br>NEW YORK, NY 10007<br>US |
| **Number of Packages:** | 1 |
| **UPS Service:** | UPS Ground |
| **Package Weight:** | 0.3 LBS |
| **Reference Number:** | MMEJY7YRBB5VT |

**Discover more about UPS:**
Visit www.ups.com

Sign Up For Additional E-Mail From UPS

Read Compass Online

Gmail Carolyn Sun <[redacted]

## IMPORTANT INFORMATION, PLEASE REVIEW

**Pro Se Filing** <pro_se_filing@nysd.uscourts.gov> Wed, Jan 28, 2026 at 4:13 PM
To: Carolyn Sun <[redacted]

IMPORTANT INFORMATION, PLEASE REVIEW

Your email has been received by the Pro Se Intake Unit of the United States District Court for the Southern District of New York. (This is not the United States Bankruptcy Court.)

Documents from pro se litigants that meet the required standards for electronic filing will be filed and will appear on the ECF docket within two business days of receipt (see required standards below). If you send your document by email and it is accepted for filing, you should not deliver a hard copy version to the court.

Requirements for Filing a New Action by Email:

- Documents must be attached to the email in PDF format, no larger than 15 megabytes;
- The complaint must be signed by the filing party;
  - Fee requirements and instructions:
  - **Please note that your complaint will not be reviewed until the court receives payment of the filing fees.**
- Payment must be made within 30 days of the date your case is assigned a docket number. If mailing payment, please send a certified check, bank check, or money order to: **Cashiers Room 260, 500 Pearl Street, New York, NY 10007**.
- Your payment must include the docket number, which you can learn by calling (212) 805-0175.
- If you have not consented to e-service, your docket number will also be mailed to you, at the address provided on the complaint, in a form order that will include payment instructions. If you do not make payment within 30 days of the date a docket number is assigned to your case, the action will be dismissed without prejudice.
- If you cannot pay the filing fees and want to request that the court waive the filing fees, you must email an application to proceed *in forma pauperis*.

Filing Documents in an Existing Case by Email:

- Documents must be attached to the email in PDF format, no larger than 10 megabytes;
- The email and attached document must contain the docket number, filer's name, address, and telephone number;
- Documents must be signed by the filing party;

**Appendix C**

Email to Pro Se office inquiring about the status of the January 28, 2026 motion

(No Response from the Pro Se office)

Gmail Carolyn Sun <[redacted]

## Status Inquiry – CVRA Motion in case 23-cr-118

**Carolyn Sun** <[redacted] Wed, Feb 11, 2026 at 3:03 PM
To: proseintake@nysd.uscourts.gov

---------- Forwarded message ---------
From: Carolyn Sun [redacted]
Date: Wed, Feb 11, 2026 at 2:53 PM
Subject: Status Inquiry – CVRA Motion in case 23-cr-118
To: <ProSe@nysd.uscourts.gov>

Dear Pro Se Intake Office,

I write to formally request confirmation regarding a CVRA motion I submitted in the case 23-cr-118. The motion was transmitted to the Court by email on January 28, and a paper copy was sent via UPS on February 4 (tracking reflects delivery and receipt on February 6).

I respectfully request confirmation of the following:

Whether the Court has received the specific motion referenced above (both the January 28 email submission and the February 4 paper submission);

Whether the motion has been forwarded to the assigned Judge and/or panel;

The current status of the submission (e.g., docketed, pending privacy review, rejected, or other administrative status); and

Whether the motion may be filed on the public docket in redacted form, if applicable.

This inquiry is intended solely to clarify the administrative status of the submission. I would appreciate written confirmation at your earliest convenience.

Thank you for your assistance.

Respectfully,
Carolyn Sun.

**Appendix D**

The ~~two~~ undocketed motion submitted in September and October 2025

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

United States of America,
Plaintiff,
v.
Miles Guo, et al.,
Defendants.

Case No. 23-cr-00118 (AT)

**PETITIONER'S RESPONSE TO DOC 739/742 AND CLARIFICATION ABOUT DOC 735**

**I. Response to Proxy Allegation**

Petitioner, Carolyn Sun, respectfully denies the speculative assertion in Doc 739/742 that Petitioner is acting as a proxy for the Defendant. Petitioner affirms that she is not acting as a legal proxy, agent, or representative of the Defendant, and that her petition is filed to assert her own independent rights under 18 U.S.C. § 853(n), or alternatively the CVRA, if 853(n) does not apply. To Petitioner's knowledge, the government has not alleged that Petitioner is acting as a proxy. Unsupported speculation from other parties should not prejudice consideration of Petitioner's filing on its merits.

**II. Clarification Regarding Previous Filing (Doc 735) on Organized Claims**

Petitioner clarifies that her prior opposition to claims organized or promoted by Himalayan alliance and farm leaders was directed only at the organized nature of those claims, not at individual claimants. The alliance and farm leaders were recognized by the court as possible co-conspirators of the Defendant and were alleged to play an instrumental role in the fraudulent scheme. For this reason, they should not be permitted to organize or promote claims on behalf of others, as their involvement could compromise the fairness of the process.

After the Defendant's arrest, many ordinary investors and followers of the Defendant continue to trust the alliance and farm leaders as their only source of guidance. These leaders even claimed to have ongoing communication with the Defendant, including phone calls and visits at the Metropolitan Detention Center. Petitioner cannot verify whether such claims are true, but notes that they may strongly influence investors and followers. This influence creates an additional risk that the claims process could be swayed in ways that interfere with the fair distribution of funds.

Petitioner raises this concern to protect the rights of individual investors and to ensure that claims are presented independently, without the influence of parties connected to the Defendant or the scheme.

Executed on 09/14/2025

Respectfully submitted,

Carolyn Sun

[redacted]

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

---

**United States of America,**
Plaintiff,

v.

**Ho Wan Kwok (a/k/a Miles Guo), et al.,**
Defendants.

Case No. 1:23-cr-00118 (AT)

---

**SUPPLEMENTAL MOTION IN SUPPORT OF PETITION UNDER 21 U.S.C. § 853(n)**

**AND, IN THE ALTERNATIVE, UNDER 18 U.S.C. § 3771**

*(For Judicial Verification of Record Accuracy, Forfeiture Integrity, and Procedural Transparency)*

---

## I. Introduction and Purpose

Petitioner, Carolyn Sun, respectfully submits this supplemental motion in further support of her pending Petition under 21 U.S.C. § 853(n) and, in the alternative, 18 U.S.C. § 3771 (ECF No. 735). This filing does not raise new claims but supplements the record with independent observations and publicly filed materials suggesting that the forfeiture process may have been compromised by irregularities or incomplete disclosures.

Petitioner submits this motion on her own behalf to protest her own statutory rights and to request that the court independently verify the accuracy of the record, including matters raised in filings by others such as ECF No. 733.

Petitioner also respectfully requests clarification from the Court regarding the recent nondocketing of pro se submissions, which has prevented third-party petitioners and victims from having their filings formally entered or acknowledged on the docket.

This motion seeks only to preserve Petitioner's statutory rights as a bona fide purchaser for value and, alternatively, as a crime victim entitled to proceedings free from fraud, delay, and opacity.

---

## II. Record Materials Incorporated

Petitioner incorporates by reference:

- ECF No. 724 (Defense Preservation Motion);
- ECF No. 750 (Government Opposition);
- ECF No. 751 (Trustee Response);
- ECF No. 754 (Defense Reply); and
- ECF No. 733 (Victim Motion alleging fraud upon the court with Exhibit A, which Petitioner references only for the limited purpose of requesting that the Court verify whether the allegations therein are accurate).

All cited materials are already part of the record and are incorporated by reference to avoid duplication and to facilitate judicial review. Petitioner does not adopt or endorse the statements, theories, or positions of any other party.

---

## III. Summary of Procedural Issues and Matters Alleged in ECF No. 733

The following issues are drawn from ECF No. 733. Petitioner does not assert these matters as proven facts but respectfully requests that the court review the record and verify whether any such issues occurred.

1. **Brady and Disclosure Failures.** The Government allegedly withheld exculpatory evidence concerning the Trustee's acceptance of fraudulent creditors and the defendant's January 2023 videos, which contradicted certain obstruction allegations.
2. **Collaborative Misconduct.** Despite awareness of billions in unverified creditor claims, neither the prosecution nor the Trustee corrected the record before this Court or the Bankruptcy Court, while supporting forfeiture actions dependent on those same claims.
3. **Misleading Submissions.** Prosecutorial filings relied on incomplete video excerpts and unapproved bankruptcy motions, misrepresenting the factual basis for bail and forfeiture decisions.

4. **Systemic Impact.** The same misstatements influenced bail rulings (ECF Nos. 7, 26, 192, 216) and forfeiture orders (ECF 720), threatening the integrity of the ancillary forfeiture stage intended to protect innocent parties.

Petitioner does not affirm these allegations but seeks judicial verification of their accuracy, given their potential relevance to forfeiture integrity.

---

### IV. Impact on Petitioner and Similarly Situated Victims

Petitioner paid $20,500 in G-Club membership fees as a bona fide purchaser for value, without knowledge of any illegality. Her ability to recover or seek restitution depends on a forfeiture process untainted by fraud or asset dissipation. If the Court's orders rest on incomplete or misleading records – as may be suggested by filings such as ECF No. 733 - legitimate victims, including Petitioner, could suffer irreparable loss.

---

### V. Legal Grounds and Procedural Authorities

1. **Rule 32.2(b)(3) – Preservation Authority.**
   As recognized by the defense counsel in ECF No. 754, under Fed. R. Crim. P. 32.2(b)(3), this Court may enter orders to preserve the value of forfeitable property pending appeal or ancillary adjudication. Petitioner independently requests that the court exercise such preservation authority to protect assets from erosion by bankruptcy expenses or conflicting control of the Trustee.

2. **Standing Under § 853(n) or § 3771.**
   Petitioner is not initiating forfeiture but exercising rights granted by Congress to third parties or victims. Section 853(n) confers standing on "any person other than the defendant" with a legal interest in property, while § 3771 guarantees victims the right to be heard at forfeiture proceedings. Her participation is therefore lawful and necessary to prevent irreparable harm.

3. **No Waiver by Defendant Affects Third Parties.**
   The Government's waiver argument (ECF 750) concerns only the defendant; such waiver cannot extinguish statutory rights belonging to non-defendants. See 21 U.S.C. § 853(n)(2); 18 U.S.C. § 3771(d)(1).

4. **Conflict of Interest of Trustee Despins.**
   By invoking the automatic stay (ECF 751) to oppose judicial review of assets subject to forfeiture, the Trustee has placed his bankruptcy duties in conflict with victims'

and third parties' rights under criminal forfeiture law. This warrants independent oversight through a neutral receiver to ensure that forfeitable assets are not dissipated.

5. **Fraud Upon the Court Allegations and Supervisory Authority.**
   A court has inherent power to vacate orders procured by fraud, if the allegations in ECF No.733 are proven true (*Hazel-Atlas*, supra). Where misconduct impacts forfeiture integrity, judicial inquiry is mandatory to preserve public confidence.

6. **Victim Rights to Notice and Participation.**
   Under § 3771(a)(2), victims are entitled to reasonable notice of public proceedings affecting their interests. Petitioner therefore requests notice of any forfeiture-related motions or stipulations between the Government and Trustee that could alter asset valuation or distribution.

---

**VI. Requested Relief**

Petitioner respectfully requests that the Court:

1. Enter a Preservation Order under Rule 32.2(b)(3) directing that no property identified in the Preliminary Order of Forfeiture (ECF 720) be sold, transferred, or used to pay bankruptcy professional fees pending adjudication of third-party claims;

2. Take Judicial Notice of the record evidence in ECF Nos. 724, 750, 751, 754, and 733 for the purpose of verifying whether any inaccuracies or misconduct have affected forfeiture integrity;

3. Order an Evidentiary Hearing or Appoint a Neutral Receiver to examine communications between the Government and Trustee concerning creditor verification, forfeiture coordination, and asset control;

4. Stay Final Disposition of Forfeiture Property until the Court confirms that no fraud or conflict has tainted the record;

5. Preserve Petitioner's Investment Funds ($20,500) from inclusion in any tainted forfeiture pool pending review;

6. Ensure Notice and Opportunity to Be Heard under § 3771 for all future forfeiture and restitution proceedings; and

7. Grant such other relief as the Court deems just to protect bona fide purchasers and victims.

---

**VII. Disclaimer and Conclusion**

Petitioner expresses no view on the guilt or innocence of the Defendant and does not endorse the prosecution's theory of the case. This submission is limited to protecting Petitioner's statutory rights and assisting the Court in maintaining a fair, transparent, and lawful forfeiture process.

---

**VIII. Procedural Notice and Request for Docketing Transparency**

Petitioner respectfully notes that, upon information and belief, the Clerk's Office and Pro Se Intake Unit have ceased docketing pro se filings in this matter, citing "privacy concerns." While Petitioner fully supports redaction of sensitive information under Fed. R. Crim. P. 49.1 and SDNY Standing Order 19-MC-005, the complete nondocketing of filings asserting rights under 21 U.S.C. § 853(n) and 18 U.S.C. § 3771 risks depriving petitioners and victims of (1) their right to be heard, (2) their right to a judicial record, and (3) transparency into the administration of seized assets.

Petitioner therefore respectfully requests that the Court:

1. Direct the Clerk to docket this and all pending pro se submissions either publicly with appropriate redactions, or under seal if necessary;
2. Clarify the procedural basis—if any—for withholding pro se filings from the docket and identify whether such review is temporary or permanent;
3. Confirm that all pro se filings transmitted via the Pro Se Intake email or mail are preserved, received by chambers, and available for judicial review even if not yet posted on ECF; and
4. Reaffirm the Court's commitment to transparency so that victims and bona fide claimants may meaningfully exercise their statutory rights under § 853(n) and § 3771.

This request is made solely to protect due process, public confidence, and the integrity of the record, not to challenge any good-faith privacy measures the Court deems necessary.

---

## IX. Request for Extension of Filing Deadlines under 21 U.S.C. § 853(n) and 18 U.S.C. § 3771

Petitioner further requests that the Court extend the filing window for all petitions and motions under 21 U.S.C. § 853(n) and 18 U.S.C. § 3771. Multiple pro se victims and third-party claimants, including Petitioner, timely submitted motions by email to the Pro Se Intake Unit, but these filings were not docketed or made public due to ongoing privacy-review procedures.

Because these administrative delays have obscured the true record of victim participation and risk prejudice to timely petitioners, an equitable extension is warranted to preserve statutory rights and due process. See *United States v. Reckmeyer*, 836 F.2d 200 (4th Cir. 1987); *United States v. Estevez*, 845 F. Supp. 2d 403 (E.D.N.Y. 2012).

Petitioner therefore respectfully requests that the Court to extend the § 853(n) and CVRA filing deadlines for all pro se petitioners by at least 45 days from the date of any order granting this request.

This request is made to protect Petitioner's own rights and, in fairness, those of other similarly situated individuals.

---

## X. Request for Redaction of Personally Identifiable Information

Petitioner respectfully requests that the Court direct the Clerk of Court to redact from public view Petitioner's personal contact information—including home address, phone number, email address, and handwritten signature—from any prior or future filings in this matter.

This request is made pursuant to Fed. R. Crim. P. 49.1(a) and SDNY Standing Order 19-MC-005, which require redaction of personally identifiable information to protect privacy and security interests of pro se litigants.

Petitioner seeks only to maintain the confidentiality of identifying information, not to seal the substance of her filings. Petitioner respectfully requests that:

1. The Clerk redact Petitioner's signature, home address, phone number, and email address from public copies of ECF No. 735, and any related filings;
2. The unredacted versions remain available to the Court and the Government for purposes of service and verification; and
3. Future filings by Petitioner be docketed with these redactions applied automatically, consistent with Rule 49.1 and privacy protection policies.

This request is made in good faith to ensure Petitioner's personal safety and privacy, without limiting public access to the substance of judicial proceedings.

---

Respectfully submitted,

[redacted]

**Carolyn Sun**
Petitioner Pro Se

[redacted]

**Appendix E**

Proof of submission of the September and October 2025 motions:

• Email Receipt Confirmation from Pro Se Intake

• UPS tracking

Gmail

Carolyn Sun [redacted]

## IMPORTANT INFORMATION, PLEASE REVIEW

**Pro Se Filing** <pro_se_filing@nysd.uscourts.gov>
To: Carolyn Sun [redacted]

Wed, Oct 22, 2025 at 4:47 PM

IMPORTANT INFORMATION, PLEASE REVIEW

Your email has been received by the Pro Se Intake Unit of the United States District Court for the Southern District of New York. (This is not the United States Bankruptcy Court.)

Documents from pro se litigants that meet the required standards for electronic filing will be filed and will appear on the ECF docket within two business days of receipt (see required standards below). If you send your document by email and it is accepted for filing, you should not deliver a hard copy version to the court.

Requirements for Filing a New Action by Email:

- Documents must be attached to the email in PDF format, no larger than 15 megabytes;
- The complaint must be signed by the filing party;
  - Fee requirements and instructions:
  - **Please note that your complaint will not be reviewed until the court receives payment of the filing fees.**
- Payment must be made within 30 days of the date your case is assigned a docket number. If mailing payment, please send a certified check, bank check, or money order to: **Cashiers Room 260, 500 Pearl Street, New York, NY 10007**.
- Your payment must include the docket number, which you can learn by calling (212) 805-0175.
- If you have not consented to e-service, your docket number will also be mailed to you, at the address provided on the complaint, in a form order that will include payment instructions. If you do not make payment within 30 days of the date a docket number is assigned to your case, the action will be dismissed without prejudice.
- If you cannot pay the filing fees and want to request that the court waive the filing fees, you must email an application to proceed *in forma pauperis*.

Filing Documents in an Existing Case by Email:

- Documents must be attached to the email in PDF format, no larger than 10 megabytes;
- The email and attached document must contain the docket number, filer's name, address, and telephone number;
- Documents must be signed by the filing party;

Gmail Carolyn Sun [redacted]

## Acknowledgment of Receipt

**Pro Se Filing** <pro_se_filing@nysd.uscourts.gov> Mon, Sep 8, 2025 at 11:59 AM
To: Carolyn Sun [redacted]

# IMPORTANT INFORMATION, PLEASE REVIEW

Your email has been received by the Pro Se Intake Unit of the United States District Court for the Southern District of New York. (This is not the United States Bankruptcy Court.)

Documents from pro se litigants that meet the required standards for electronic filing will be filed and will appear on the ECF docket within two business days of receipt (see required standards below). If you send your document by email and it is accepted for filing, you should not deliver a hard copy version to the court.

Requirements for Filing a New Action by Email:

- Documents must be attached to the email in PDF format, no larger than 15 megabytes;
- The complaint must be signed by the filing party;
    - Fee requirements and instructions:
    - **Please note that your complaint will not be reviewed until the court receives payment of the filing fees.**
- Payment must be made within 30 days of the date your case is assigned a docket number. If mailing payment, please send a certified check, bank check, or money order to: **Cashiers Room 260, 500 Pearl Street, New York, NY 10007**.
- Your payment must include the docket number, which you can learn by calling (212) 805-0175.
- If you have not consented to e-service, your docket number will also be mailed to you, at the address provided on the complaint, in a form order that will include payment instructions. If you do not make payment within 30 days of the date a docket number is assigned to your case, the action will be dismissed without prejudice.
- If you cannot pay the filing fees and want to request that the court waive the filing fees, you must email an application to proceed *in forma pauperis*.

Filing Documents in an Existing Case by Email:

- Documents must be attached to the email in PDF format, no larger than 10 megabytes;
- The email and attached document must contain the docket number, filer's name, address, and telephone number;
- Documents must be signed by the filing party;
- Any additional comments, questions, or other messages in the email will be disregarded;
- Any additional correspondence included in the email will be disregarded.

For any submission, if your document does not appear on the ECF docket within two business days, it has not met the required standards for electronic filing. If so, you must submit your document to the court in paper form by (a) sending your document by mail, or overnight delivery service, to the appropriate courthouse listed below; or (b) delivering your

# Proof of Delivery

Dear Customer,

This notice serves as proof of delivery for the shipment listed below.

**Tracking Number**

[redacted]

**Service**

UPS 2nd Day Air®

**Shipped/Billed On**

21/10/2025

**Delivered On**

23/10/2025 12:48

**Delivered To**

NEW YORK, NY, US

**Received By**

OLIVIA

**Left At**

Inside Delivery

Please print for your records as photo and details are only available for a limited time.

Sincerely,

UPS

Tracking results provided by UPS: 26/10/2025 17:35 EST

# Proof of Delivery

Dear Customer,

This notice serves as proof of delivery for the shipment listed below.

**Tracking Number**
[redacted]

**Service**
UPS 2nd Day Air®

**Shipped / Billed On**
10/15/2025

**Additional Information**
Signature Required

**Delivered On**
10/17/2025 1:35 P.M.

**Delivered To**
NEW YORK, NY, US

**Received By**
USMS

**Left At**
Front Desk

Please print for your records as photo and details are only available for a limited time.

Sincerely,

UPS

Tracking results provided by UPS: 10/20/2025 1:01 P.M. EST

# Proof of Delivery

Dear Customer,

This notice serves as proof of delivery for the shipment listed below.

**Tracking Number**
[redacted]

**Service**
UPS 2nd Day Air®

**Shipped/Billed On**
21/10/2025

**Delivered On**
24/10/2025 12:45

**Delivered To**
NEW YORK, NY, US

**Received By**
DAVID

**Left At**
Mail room

Please print for your records as photo and details are only available for a limited time.

Sincerely,

UPS

Tracking results provided by UPS: 26/10/2025 17:37 EST

**Appendix F**

Second Circuit returned mandamus letter

**United States Court of Appeals for the Second Circuit**
**Thurgood Marshall U.S. Courthouse**
**40 Foley Square**
**New York, NY 10007**

**DEBRA A. LIVINGSTON**
**CHIEF JUDGE**

**CATHERINE O'HAGAN WOLFE**
**CLERK OF COURT**

Date: November 17, 2025
To: Carolyn Sun
[redacted]

Short Title: USA v. Ho Wan Kwok et al.
Docket#: ----
Dist Ct. 23-cr-118

**NOTICE OF MOTION FOR WRIT OF MANDAMUS WITH CHECK IN THE AMOUNT OF $600.00...**

The attached Motion for Writ of Mandamus and check in the amount of $600.00 was received in our Court on November 14, 2025.

A review of the district court docket in United States of America v. Kwok 23-cr-118, indicates you have not filed a motion for relief under the CVRA statute in the district court.

The papers are being returned to you in the belief that you intended to file the papers as a motion in the United States District Court for the Southern District of New York in USA v. Kwok 23-cr-118.

If the district court denies you relief you request, then you can file a petition for a writ of mandamus at the court of appeals.

In view of the foregoing please be advised that no further action will be taken by this office with respect to your recent filing until you can demonstrate that you have a valid appeal or proceeding before this Court.

Inquiries regarding this case may be directed to 212-857-8500.

**CERTIFICATE OF SERVICE**

I hereby certify that on Feb 20, 2026, I served a copy of the Petition for Writ of Mandamus and Appendix on the following parties via USPS First-Class Mail:

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

United States Attorney's Office
Southern District of New York
Attn: Ryan Finkel, Assistant United States Attorney
One Saint Andrew's Plaza
New York, NY 10007

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: Feb 20, 2026

Carolyn Sun
Petitioner, Pro Se

RECEIVED
2026 FEB 24 PM 1:42
CLERK'S OFFICE
U.S. COURT OF APPEALS

UNITED STATES POSTAL SERVICE®

PRIORITY® MAIL

PF
POST

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declara

*Insurance does not cover certain items. For details regardi
Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for a

SHIPPING ENVELOP
OR DOMESTIC AND INTERNATIONAL

UNITED STATES POSTAL SERVICE. Retail

P

US POSTAGE PAID

$13.30

Origin: 28278
02/20/26
3614130078-45

PRIORITY MAIL®

1 Lb 12.60 Oz

RDC 03

EXPECTED DELIVERY DAY: 02/23/26

C099

SHIP TO:
40 FOLEY SQ
NEW YORK NY 10007-1502

USPS TRACKING® #

9505 5141 5528 6051 9586 59

FROM: Carolyn Sun

[redacted]

TO:

Clerk of Court
US. Second circuit of
Thurgood Marshall unite
40 Foley Squa
New York. NY

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

TES
VICE®

# PRIORITY® MAIL

PRIORITY MAIL
POSTAGE REQUIRED

how2recy

ply).*
national destinations

ATES
RVICE. *Retail*

US POSTAGE PAID
**$13.30** Origin: 28278
02/20/26
3814130078-45

RIORITY MAIL®

1 Lb 12.60 Oz
RDC 03

LIVERY DAY: 02/23/26

C099

EY SQ
RK NY 10007-1502

USPS TRACKING® #

5141 5528 6051 9586 59

FROM: Carolyn Sun
[redacted]

TO:
Clerk of Count
US. Second Circuit of Appeals
Thurgood Marshall united States Courthouse
40 Foley Square,
New York, NY
10007

PLASTIC BAG
how2recycle.info

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments.
Misuses may be a violation of federal law. This package is not for resale. EP14 © U.S. Postal Service; December 2024; All rights reserved

DuPont™ Tyvek®
Protect What's Inside.™